IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON REKART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-cv-3231 |
| | ) | |
| OSAGE MARINE SERIVCES, INC., | ) | |
| and the *M/V Deborah Ann*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Osage Marine Services, Inc.'s (Osage Marine) Motion to Compel (d/e 66) (Motion). Osage Marine filed the Motion on June 25, 2013. Plaintiff Jason Rekart was required to file a response to the Motion within fourteen days after service. Local Rule 7.1(B)(2). Three days were added because the Motion was filed by electronic service. Fed. R. Civ. P. 5(b)(2)(E) and 6(d); Local Rule 5.3(D). Thus, service was effective on June 28, 2013. A response was due on July 12, 2013. None was filed. Therefore, Rekart is deemed to have no opposition to the Motion. Local Rule 7.1(B)(2).

In addition, the Motion has merit. The motion seeks Rekart's psychiatric and psychological records. The requested information is

relevant, at a minimum, to possible defenses of contributory negligence and fraudulent concealment of a pre-existing condition.  See Johnson v. Cenac Towing, Inc., 544 F.3d 296, 302 (5th Cir. 2008); McCorpen v Central Gulf S.S. Corp., 396 F.2d 547, 548 (5th Cir. 1968).

Therefore, the Motion is allowed.  Rekart is directed to produce the records requested by Osage Marine in Defendant's Second Supplemental Request for Production.

The psychiatric and psychological records to be produced should be subject to a protective order.  No protective order is in place in this case.  Therefore, the records so produced, and the information contained therein, shall only be used in this case and shall not be distributed to any person other than (1) the parties (officers and directors of Osage Marine); (2) the attorneys for the parties; and (3) retained experts who agree not to disclose any information contained in the records to any other person.  If any copies of the documents are filed with this Court for any purpose, they shall be filed under seal.  Upon the entry of a final, non-appealable judgment in this case, Osage Marine shall return all produced documents and copies to Plaintiff's counsel.

WHEREFORE Defendant Osage Marine Services, Inc.'s (Osage Marine) Motion to Compel (d/e 66) is ALLOWED.  Plaintiff Jason Rekart is

directed to produce the records requested in Defendant's Second Supplemental Request for Production by August 9, 2013, as set forth in this Opinion.

ENTER:   July 22, 2013

                                               *s/ Byron G. Cudmore*
                                      UNITED STATES MAGISTRATE JUDGE